## RUMSEY and BROOM v. PURNEL LOFTLAND.

Court of Common Pleas.  Kent.  May 14, 1804.

*Rodney's Notes.*

*Bayard.*  [In] the case of a bond or note being overdue or due, as in this case, two years before assignment, the law is different from the case where, 3 Term 80, the note is not due, and the same diligence is not necessary, and the assignee is considered to take it on the credit of the assignor generally.  November 21, 1796, bond from Peter Lowber to Caleb Sipple, Del.Const. 1783, Art. 10, s. 6.  November 1, 1797, assigned to Purnal Loftland.  April 30, 1798, assigned to Rumsey and Broom.

*Bayard* offered to give in evidence the instructions by plaintiffs to their attorney made before they were interested, to this effect, that defendant desired them not to proceed.

PER CURIAM.  The instructions having been given after the assignment made by defendant, the Court are not satisfied defendant was not interested;  therefore not admissible.

*H. Ridgely* offered petition etc. of Peter Lowber to prove [he] had property.  Overruled.  [Then he] offered a deed of his property in Maryland to his assignees.  Overruled.

*Bayard.*  We show judgments before the assignments to more than the amount of Lowber's real estate.  Esp.N.P. 59.  Assumpsit, April 30, twenty-four days after, all Lowber's property was sold by sheriff on James' execution, and the great point seems to be that assignee is not bound to levy *fieri facias* twenty-four days after assignment.  1 Term 405, notice not necessary where drawer has no effects in the hands of the drawee, and such indorsement may be considered a fraud, and by analogy we say here the plaintiffs are discharged, if they had never proceeded, if they prove Lowber's insolvency, for defendant Loftland could not be injured.  2 Term 713, Lord Kenyon, it has been long es-

tablished that the want of effects in the hands of the drawee discharges the party from the usual forms.

*Ridgely.* 1 Term 167, notice should be given on bills of exchange etc., uncertain when the bond became due, and plaintiffs, when they undertook to give credit, they did it at their peril.

*Rodney.* Case of *Henry and Marim v. Shalcross.*

*Bayard* in conclusion.

CHIEF JUSTICE BOOTH. Your determination will depend on two points. First, whether plaintiffs have used due diligence; second, whether Peter Lowber was insolvent, and plaintiffs not bound to sue. As to [the] first, every assignment contains an implied obligation that if the obligor does not pay he, the assignor, will, but the assignee must use due diligence. It is a question for the jury to determine. By the Court it has been determined that the party is not bound to bring his suit to the first court. Second, if there appears absolute insolvency at the time or within the time (twenty-four days) mentioned, we are of opinion no suit by the assignee [1] within that time is necessary.

Verdict for [——].[2]

---

[1] Manuscript reads "assignor."

